(No. 78-CC-1481— )

BOYS FARM FOUNDATION, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed November 9, 1981.*

THOMAS F. LONDRIGAN, for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This claim arose from the provision of services by Claimant, Boys Farm Foundation, to Respondent State of Illinois pursuant to a contract during Fiscal Year 1976 (July 1, 1975, through June 30, 1976). During that period, Claimant provided residential care services to State wards placed by the Department of Children and Family Services (DCFS).

The record indicates that the contractual rate agreed upon by the parties for Fiscal Year 1976 (FY 76) was $20.38 per child-day of service provided. On May 26, 1976, DCFS director Mary Lee Leahy granted Claimant a rate increase of $3.24 per child-day, retroactive to May 1, 1976. The rate increase of May 26, 1976, was granted in compliance with Department regulations[1] and is not at issue.

Thereafter, Claimant requested an additional rate increase to cover expenses of hiring additional personnel required by the Department during FY 76. After the rate increase of May 26, 1976, and prior to September 3, 1976, director Leahy met with Claimant's executive director David Herren and DCFS deputy director David M. Bankard. During this meeting, director Leahy instructed Bankard in Herren's presence to resolve Claimant's new request for an additional rate increase.

Subsequently, on September 3, 1976, Bankard wrote a memo to Herren promising "to pay the amount, if any, granted by the Director retroactive to January 1, 1976." On November 17, 1976, director Leahy authorized a rate

---

[1] The record indicates that payment to private agencies by DCFS for any given fiscal year may be made during that fiscal year, or during the three months following if there are funds remaining from the prior fiscal year appropriations. DCFS had adequate funds remaining to pay the claims presented here.

increase of $3.83 per child-day but set the effective date of the adjustment as July 1, 1976, the first day of Fiscal Year 1977 (FY 77).

Claimant filed this action to recover the amount of $4,611.32, which represents the sum it would have received if the $3.83 increase had been paid beginning January 1, 1976, rather than July 1, 1976. Respondent moved to dismiss the action and for summary judgment on the theory that Bankard's representation about retroactive application was *ultra vires*, that the DCFS director alone is authorized to approve rate increases, and that director Leahy's letter of November 17, 1976, superseded the commitment contained in Bankard's memo of September 3, 1976. Claimant likewise filed a motion for summary judgment. For the reasons set forth below, Claimant's motion for summary judgment is denied, and Respondent's motion for summary judgment is hereby granted.

Claimant argues that this is a case where payment was not made during the fiscal year, nor during the three-month grace period, only because documents supporting the charges were not presented before the appropriation lapsed. Claimant contends that, since the commitment to pay the new rate retroactive to January 1 had been made by Bankard during the grace period, the new rate subsequently approved by director Leahy is payable from January 1 out of the FY 76 funds. Claimant cites *Anken Chemical and Film Corp. v. State of Illinois* (1969), 26 Ill. Ct. Cl. 487, in support of this proposition.

Accepting Respondent's claim that the DCFS director is the sole person authorized to grant rate increases payable from Department appropriations, the Court finds that the statement to Bankard by Leahy in Herren's presence constituted, with respect to this single request,

an express delegation of her exclusive authority to set rates. Nevertheless, that delegation was subsequently and effectively revoked before the new rate was finally approved by Leahy on November 17, 1976. Bankard himself indicated in his memo that he would be unable to resolve this matter without a rate approval by the director. That rate approval came on November 17, but not until director Leahy had made it abundantly clear that FY 76 charges were no longer payable. Thus, Claimant should have known as early as September 3 that the promise of retroactive application was contingent on the approval of a new rate by director Leahy. This is not a case where Claimant only failed to submit a statement for charges at a prevailing rate; it is instead a case involving application for a rate increase in a sum uncertain to which Claimant may or may not have been entitled at the time the application was made. We cannot acknowledge the rate approval and at the same time ignore the language limiting retroactive application to July 1. That language correctly reflected the law concerning fiscal appropriation and superseded Bankard's commitment of September 3.

Thus, the action becomes a claim for a rate increase after payment for services at the agreed-upon prevailing rate, and *Klingberg Schools v. State of Illinois* (1979), 33 Ill. Ct. Cl. 184, controls because Boys Farm Foundation accepted payment at the original per diem rate.

The motion of the Respondent for summary judgment is hereby granted.